**William M. HOLLAND, Jr., et al.,
Plaintiffs-Appellants,**

v.

**The BOARD OF PUBLIC INSTRUCTION OF PALM BEACH COUNTY, FLORIDA, Etc., et al., Defendants-Appellees.**

**No. 71-2775.**

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1972.

portation system in accordance with the requirements of *Singleton, supra;* to adopt policies covering school construction and site selection and transfers of students into or out of the district in accordance with the requirements of *Singleton, supra;* and to prepare and file with the district court semi-annual reports similar to those required in United States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir. 1970).

William M. Holland, pro se.

Herbert P. Benn, Lake Worth, Fla., John D. Ayres, Jr., Boca Raton, Fla., amicus curiae.

Michael E. Jackson, James M. Gann, Jackson & Jackson, Palm Beach, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

BY THE COURT:

Pursuant to the provisions of 28 U.S. C.A. § 2106, this cause is remanded to the district court with directions to forthwith order the defendants to act now to desegregate the faculties and other staff of this entire school district in accordance with the requirements expressed in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1970); to institute and implement systemwide procedures for majority to minority transfer of students and parent notification thereof as approved in Ellis v. Board of Public Instruction of Orange County, Florida, 423 F.2d 203 (5th Cir. 1970); to reexamine and, if necessary, reconstitute its trans-